## VÁZQUEZ *v.* MARTÍNEZ.

### APPEAL from the District Court of Aguadilla.

#### No. 688.—Decided December 15, 1911.

RECOVERY OF COSTS—LIS PENDENS.—The records show that upon the commencement of this suit the proceedings brought to recover costs from the defendant had been dismissed by judicial decision and that the creditor had assigned the costs to the plaintiff, for which reason the *lis pendens* alleged by the defendant does not exist.

ID.—PAYMENT OF COSTS.—In an action to recover costs it is sufficient to allege that the same were approved by the court, and it is not an essential requisite to allege that such costs were paid to the court because this fact in no way affects the success of the action.

ID.—PRESCRIPTION—OBLIGATIONS ARISING FROM FAULT OR NEGLIGENCE.—Prescription of actions arising from fault or negligence does not affect actions to recover costs, because the liability which arises from fault or negligence has nothing to do with the liability which arises from the malice or temerity under which a suit is commenced or pursued, and these are the causes which determine a judgement for costs.

EVIDENCE—EXCEPTION TO ADMISSION THEREOF.—A party who has taken no exception to the admission of evidence but, on the contrary, accepted the same, cannot allege error on the part of the court.

RECOVERY OF COSTS—PRESCRIPTION.—The prescription of three years established by section 1868 of the Civil Code for the collection of charges, fees, and expenses of lawyers, registers and other officials, is not applicable to an action to recover costs brought by a judgment creditor or his assignee, and not by the lawyers or officials mentioned in said section.

ID.—ASSIGNMENT OF COSTS—PROHIBITION.—The prohibition established in section 1362 of the Civil Code is not applicable to an assignment of costs made by a party to his attorney in payment of fees due for professional services rendered in the suit wherein said costs originated.

ID.—ASSIGNMENT OF COSTS—CONSIDERATION OF CONTRACT.—The assignment of costs made by a party to his lawyer in payment of fees due for professional services is not null for lack of consideration when such costs were approved by the court and the adverse party was adjudged to pay them, because the consideration of said contract is the remuneration of the lawyer for his professional services.

The facts are stated in the opinion.

*Mr. Victor Primo Martínez* for appellant.

*Mr. Fernando Vázquez* for appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

By a complaint dated June 10, 1909, and sworn to on April 4 of the following year, Attorney Fernando Vázquez

as assignee of María Moreno instituted proceedings in the District Court of Mayagüez against Víctor Martínez y Martínez to recover the sum of $1,030.10, the suit having been transferred later to the District Court of Aguadilla, where it was terminated by a judgment rendered on January 4 of the present year sustaining the complaint, adjudging that the plaintiff recover the sum claimed from the defendant, and taxing all costs on the latter. This judgment was appealed from by the defendant, Víctor Martínez y Martínez.

The following are the fundamental allegations of the complaint:

1. That an action to vacate an attachment was instituted in the District Court of Mayagüez by Víctor Martínez against María Moreno and was terminated by the rendition of a final judgment on November 26, 1901, whereby the complaint was dismissed and the plaintiff adjudged to pay the costs.

2. That according to the taxation made under the former law of Civil Procedure the costs of said suit amounted to $408.50, and said taxation having been objected to by Martínez, final decision was rendered whereby the objection was overruled and new costs taxed against Martínez amounting to $235.

3. That another suit for the annulment of a deed was filed in the District Court of Mayagüez by Víctor Martínez against María Moreno and was terminated by the rendition of a final judgment on October 1, 1902, whereby the complaint was dismissed and costs taxed against the plaintiff.

That the costs of the former suit amounted to $948.80, but the taxation thereof having been objected to by Martínez the District Court of Mayagüez reduced the attorneys' fees and ordered a re-taxation, reducing the former to the sum of $386.60.

5. That in the two suits above mentioned 22.67 *cuerdas* of land which belonged to Víctor Martínez were attached in the year 1905, to secure the costs taxed against him, but that said attachment was ineffective because said land had been

sold to José Fernández Hermida and was recorded in his name in the Registry of Property of Aguadilla.

6. That in the year 1906 María Moreno filed a complaint in the District Court of Mayagüez against Víctor Martínez for the rescission of certain contracts assigning mortgage credits and alienating farm and urban properties, (which contracts were made by Víctor Martínez in favor of his son Víctor Primo Martínez) and to subject the assigned credits and alienated properties to the payment of the costs due by Víctor Martínez to María Moreno, and that the complaint was dismissed by a judgment of September 21, 1907, which was affirmed by this court.

7. That by public deed of May 1, 1908, María Moreno, with the consent of her husband, assigned to the plaintiff in payment of a sum which she owed him the credits that Martínez owed her on account of costs, which credits amounted to $1,030.10 and which as yet have not been paid by Martínez to the plaintiff assignee in whole or in part.

8. That by means of motions accompanied by the above-mentioned deed of assignment and of which Martínez was given due notice, the plaintiff prayed in the two suits to which the first four allegations refer for the continuation of attachment proceedings and for the collection of the costs due by Martínez. Said motions were overruled by decisions of August 27, 1908, on the ground that the case being one of an assignment of credits made under contract for a valuable consideration the petitioner could exercise his right only in proceedings different from those wherein the suit originated, and by exercising the personal action appropriate to the case.

The defendant demurred to the complaint on the grounds that another suit between the same parties and for the same cause of action is pending; that the complaint does not state facts sufficient to constitute a cause of action; and that in accordance with section 43 of the Law of Civil Procedure

and paragraph 2 of section 1869 of the Civil Code the action to recover costs had prescribed by operation of law.

By an order of June 22, 1910, said demurrers were overruled and the party defendant was allowed 10 days within which to answer the complaint.

In answering the complaint Víctor Martínez y Martínez admitted that in two suits to vacate an attachment and for the annulment of a deed brought by him against María Moreno judgments were rendered dismissing both complaints and taxing the costs against him; that the costs in the first suit amounted to $408.50 and in the second to $386.60; that to collect the costs in both suits an attachment was levied on a farm property of 22.67 *cuerdas* which was part of another known as "Piedras Blancas" situated in *barrio* Calabazas of the municipality of San Sebastián; that María Moreno filed a complaint against Martínez and others for the rescission of contracts, which complaint was dismissed; that by public deed of May 1, 1908, María Moreno assigned and conveyed to the plaintiff the credits represented by the two judgments for costs rendered against Martínez in the two suits against María Moreno, which costs amounted to $1,030.10, and that the plaintiff took action to collect the costs in both suits.

Víctor Martínez denied the other allegations of the complaint upon information and belief, and alleged that the action for the costs claimed had prescribed for the reasons, among others, stated in paragraph 2 of section 1869 of the Civil Code.

The defendant also filed a counterclaim against the plaintiff, Fernando Vázquez, and the spouses María Moreno and Sergio Ramírez, making such allegations as he deemed proper, and concluded with the prayer that a judgment be rendered containing the following findings:

1. That the action to recover costs has prescribed.

2. That if it has not prescribed it is ineffective because it arises from an unlawful and prohibited contract.

3. That if the claim for costs is sustained that payment be ordered by a mortgage credit due by the spouses María Moreno and Sergio Ramírez.

4. That a mortgage in favor of Martínez exists on an estate of 54.47 *cuerdas* situated in *barrio* Guatemala of the municipality of San Sebastián, and that Martínez, therefore, has a right to recover from the possessors of said estate, María Moreno and Sergio Ramírez, the amount of $6,630.63, which is guaranteed by said mortgage plus the stipulated interest compounded annually from the date the obligation fell due until paid.

5. That all costs be taxed against the counterdefendants, Fernando Vázquez, María Moreno and Sergio Ramírez.

To the answer and counterclaim of Víctor Martínez the plaintiff filed a demurrer on the grounds of misjoinder of counterclaims and that the defendant's answer did not state facts sufficient to constitute a defense or a counterclaim.

Of the grounds for demurrer only the one that the counterclaim did not state facts sufficient to constitute a real counterclaim was sustained, the others having been overruled by an order of the court dated October 24, 1910.

The defendant by leave of the court then amended his answer by alleging that since March 23, 1898, the plaintiff, Fernando Vázquez, first as *procurador* and afterwards as attorney, was attorney in fact and defensor of María Moreno in the two suits which gave rise to the judgment for the costs in question, and that by the deed of May 1, 1908, María Moreno sold or assigned the costs in said suits, and in others in which Vázquez had also intervened as her representative and counsel, to her attorney in fact and counsellor, the plaintiff, Vázquez, the assignment having been made on the conditions that the assignee should institute proceedings against Martínez and others and that the assignor should not be liable in any manner to the assignee, Vázquez, by reason of such assignment or sale.

The prayer of the original complaint became limited to

the allegations that the action had prescribed; that said action was ineffective in any case because it originated from a null, unlawful and prohibited contract; that the plaintiff be adjudged to pay the costs of the suit, and that the order made to secure the effectiveness of the judgment be revoked.

The trial was held and the judgment to which we have already referred at the beginning was rendered, and, as we have already said, the defendant, Víctor Martínez, appealed from said judgment.

In a brief filed in this court counsel for the defense alleged that the trial court erred in making the order of June 22, 1910, overruling the demurrers to the complaint.

In regard to the first ground of the demurrer, to wit, that another suit between the same parties and for the same cause of action is pending, the complaint shows that the plaintiff, Fernando Vázquez, in his character of assignee of María Moreno acquired by public deed of May 1, 1908, took action to collect the costs due her by Martínez on account of the judgments rendered in two suits which they had prosecuted and for that purpose had filed motions in the District Court of Aguadilla, which motions were overruled by orders of August 27, 1908, on the ground that the case being one of an assignment of credits made under contract for a valuable consideration the proper legal remedy to enforce such right as Vázquez might think he had could only be pursued in proceedings separate and distinct from those wherein the credit which was the subject-matter of the conveyance originated and by prosecuting the personal action appropriate to the case.

Although the complaint shows that María Moreno brought two suits against Víctor Martínez to recover the costs which he was adjudged to pay, such suits were not pending at the commencement of this suit, but, on the contrary, they had been terminated and Fernando Vázquez had, by virtue of the deed of assignment of May 1, 1908, fruitlessly attempted

to collect said costs by means of attachment proceedings, his claim having been dismissed by orders of August 27, 1908, on the ground that as assignee he should exercise his right in a different action. Vázquez complied with said orders by instituting the present action and therefore the other two suits cannot be considered as pending in accordance with the provisions of section 348 of the Code of Civil Procedure, that "An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied."

When this action was commenced there was not pending, therefore, another claim to recover the costs due by Martínez to María Moreno because the latter abandoned her claim by assigning to the plaintiff, Vázquez, her right to recover, and Vázquez, accepting and executing the judicial orders, desisted from the collection in the two suits wherein the costs originated, and to attain his ends instituted the present suit.

As to the other ground for demurrer, that the complaint does not state facts sufficient to constitute a cause of action, a simple reading thereof is enough to convince us to the contrary.

It is alleged in the complaint that by virtue of final judgments María Moreno acquired the right to recover from the defendant, Víctor Martínez, the amount of costs which she was entitled to in the suit, and that said sum was assigned to the plaintiff, Fernando Vázquez, by public deed of May 1, 1908. These facts will support an action to recover a debt. It was unnecessary to allege in the complaint that María Moreno had paid the costs which Martínez was adjudged to reimburse, because their payment or nonpayment in no way affected the success of the action, and it was sufficient for María Moreno to file a memorandum of the costs and attorney's fees taxed against Martínez to obtain its approval (as she did) and then proceed to collect the same.

The taxation of costs, as shown in the complaint, was final, and this being so their collection was proper.

Neither has the action to recover costs prescribed by operation of law, which is the third ground of demurrer, Section 43 of the Code of Civil Procedure, invoked in support of said ground, reads as follows:

"If an action is commenced within the time prescribed therefor, and a judgment therein for the plaintiff be reversed on appeal, the plaintiff, or, if he die and the cause of action survive, his representatives, may commence a new action within one year after the reversal."

We do not see, nor has it been shown us, the relation which the said section can bear to the case at bar.

Paragraph 2 of section 1869 of the Civil Code, which reads as follows, has been invoked also to prove the prescription:

"The following prescribe in one year:

"1. * * * * * * *

"2. Actions to demand civil liability for grave insults or calumny, and for obligations arising from the fault or negligence mentioned in section 1803, from the time the aggrieved person had knowledge thereof."

And section 1803 says:

"A person who by an act or omission causes damage to another when there is fault or negligence shall be obliged to repair the damage so done."

We must repeat what we have already said above in regard to section 43 of the Code of Civil Procedure. We do not see nor has it been shown us what relation the provisions of law transcribed can bear to the alleged prescription.

Liability arising from fault or negligence has nothing whatever to do with liability arising from the malice or temerity under which an action is commenced, which malice or temerity determines the taxation of costs.

We are of the opinion, therefore, that the order of June

22, 1910, overruling the demurrers conforms to law and to the allegations of the complaint.

The following infractions of law are alleged to secure the reversal of the judgment appealed from:

1. Infraction of sections 81 and 4 of the Code of Civil Procedure and of the Civil Code respectively.

2. Infraction of sections 24, 56 and 107 of the Law of Evidence in connection with section 4 of the Civil Code.

3. Infraction of sections 1868 and 1874 of the Civil Code.

4. Infraction of paragraphs 2 and 5 of section 1362 of the Civil Code in connection with sections 4 and 1083 of the same code.

5. Infraction of section 1379 in connection with 1242 of the Civil Code.

6. Infraction of section 11 of the Act approved March 11, 1909, providing for the organization of a committee of attorneys at law to examine and report upon the moral qualifications of applicants for admission to practice law before the courts of the Island of Porto Rico, defining certain duties of attorneys and counsellors at law, and for other purposes, in connection with paragraphs 2 and 5 of section 1362 and sections 1083 and 1242 of the Civil Code.

Although some of the grounds of the appeal clearly appear to us to be frivolous we shall examine them all in the same order as alleged.

### FIRST GROUND.

The complaint was filed in the District Court for the judicial district of Mayagüez against Víctor Martínez, a resident of San Sebastián which is the Judicial District of Aguadilla, and after the defendant had demurred to the complaint the case was transferred to the latter court which made the order of June 22, 1910, overruling said demurrer. This is all that the record shows in connection with the provisions of law supposed to have been infringed. Far from having

committed such infraction, section 81 of the Code of Civil Procedure providing that in all other cases not comprised in the sections preceding it the action must be tried in the district in which the defendants or some of them reside at the commencement of the action, has been complied with. As the complaint was filed in the District Court for the Judicial District of Mayagüez, the case was transferred to the District Court of Aguadilla because the defendant was domiciled in San Sebastián, a town of the latter district. The nullity to which section 4 of the Civil Code refers cannot be invoked in the case at bar where either the court of Mayagüez or the court of Aguadilla could have taken cognizance of the same if the plaintiff acquiesced therein, because both courts had jurisdiction over the subject-matter.

### SECOND GROUND.

The appellant cannot say that sections 24, 56, and 107 of the Law of Evidence in connection with section 4 of the Civil Code were infringed, because in order to do so he should have taken exception to the admission of the certificates of judicial proceedings which the plaintiff introduced as evidence at the trial. Instead of doing this he accepted said certificates and admitted their authenticity. Such an error, if it had existed, would be insufficient in the case at bar.

### THIRD GROUND.

Prescription on account of the lapse of three years without the costs having been collected and because no legal reason to interrupt said prescription exists, is comprised in this allegation.

Section 1868 provides:

"Actions for the fulfillment of the following obligations shall prescribe in three years:

''1. For the payment of judges, lawyers, registrars, notaries public, experts, agents, and clerks for their charges and fees and the expenses and disbursements incurred by them in the discharge of their duties or offices in the matters to which the obligations refer,''

As the present suit was brought to recover costs which had been adjudged against Victor Martínez, the judgment for which had been assigned to Fernando Vázquez by María Moreno, section 1868, supposed to be infringed, is not applicable.

Had any of the aforesaid officials endeavored to collect from the defendant, Víctor Martínez, charges, fees, or expenses incurred in the discharge of their duties or offices the precept contained in paragraph 1 of section 1868 relative to prescription in three years could be alleged, but as this condition does not exist in this case the section referred to is inapplicable. We are dealing here with the fulfilment of obligations imposed by final judgments. Section 239 of the Code of Civil Procedure might have been invoked. Said section provides that ''The party in whose favor judgment is given may, at any time within five years after the entry thereof, have a writ of execution issued for its enforcement,'' and although said period of five years had expired in accordance with section 243 this would be no bar to the enforcement of the judgment by leave of the court, upon motion or by judgment for that purpose, founded upon supplemental proceedings except in cases for the recovery of money.

But if these sections had been invoked we would answer that they are not applicable to the case at bar, for it is not sought to execute a judgment in the proceedings wherein it was rendered, but to obtain by means of different proceedings the payment by the defendant to the plaintiff as assignee of María Moreno of the costs which were adjudged against him. This action was instituted because by orders of August 27, 1908, the court directed Fernando Vázquez to seek such recovery in different proceedings.

FOURTH GROUND.

The provisions of law said to have been infringed in the fourth ground of the appeal read as follows:

"Section 1362. The following persons can not acquire by purchase, even at public or judicial auction, neither in person nor by an agent:

"1. * * *.

"2. Agents, the property the administration or sale of which may have been entrusted to them.

"3. * * *.

"4. * * *.

"5. Judges, members of the department of public prosecution, clerks of superior and inferior courts, and officials of justice, the property and rights in litigation before the court in the jurisdiction or territory over which their respective duties, this prohibition including the act of acquiring by assignment.

"From this rule shall be excepted the cases in which hereditary actions among coheirs are involved, or assignments in payment of debts, or security for the goods they may possess.

"The prohibition contained in this number shall include the lawyers and solicitors with regard to the property and rights which may be the object of the litigation, in which they may take part by virtue of their profession and office."

At the trial it was shown that the plaintiff, Fernando Vázquez, was attorney in fact and counsel for María Moreno in the suits wherein Víctor Martínez was adjudged to pay costs, and that María Moreno, by deed of May 1, 1908, assigned to Vázquez the amount of said costs, which amounted to $1,030.10, together with other costs taxed against Martínez in other suits. Clause 11 of the said deed reads as follows:

"The assignment is made for the sum of $1,446.60 which the assignor, María Moreno, assigns to the assignee, Vázquez, in payment of an equal amount due him for fees earned as counsel in some of the suits mentioned, and for fees and disbursements paid to the other lawyers and persons who intervened in said suits."

The plaintiff, Fernando Vázquez, who, as we have said,

was the agent of María Moreno, did not acquire property of hers the administration or sale of which had been intrusted to him.  María Moreno was a creditor of Víctor Martínez because the latter had been adjudged to pay costs in suits between them, and having legal power to do so she assigned said credit directly to Vázquez in the same manner as she could have conveyed to Vázquez any of her real or personal property, even in the presumption that Vázquez was intrusted with its sale or administration.  Paragraph 2 of section 1362 of the Civil Code has nothing to do with the case at bar.

The prohibition contained in paragraph 5 of the same section relative to lawyers is limited to property and rights which may be the object of the litigation in which they may take part by virtue of their profession and office; and the amounts assigned by María Moreno to Vázquez were not rights or property in litigation, but the result of judgments for costs rendered in suits that were terminated by final judgments.

But even though the amounts assigned by María Moreno to Vázquez should be deemed to represent credits in litigation Vázquez would not be comprised in the prohibition of paragraph 5 of said section, because said assignment was made in payment of an account held by Vázquez against María Moreno for professional services, which is the exception contained in the second subdivision of said paragraph 5.

### FIFTH GROUND.

Sections 1242 and 1379, also said to have been infringed, read as follows:

"Section 1242. Contracts without consideration or with an illicit one have no effect whatsoever.  A consideration is illicit when it is contrary to law and good morals.

"Section 1379. Any stipulation exempting the vendor from obligation of answering for the eviction shall be void, provided there should be bad faith on his part."

The evidence introduced at the trial shows that the deed of assignment executed by María Moreno and Fernando Vázquez had a real consideration, which was that of the payment by the former to the latter for professional services he had rendered to her, and we have said already that such assignment was lawful because there is no provision in the code which impedes or bars it. Martínez was under the obligation to pay María Moreno the costs which had been adjudged against him. María Moreno in the exercise of her legitimate right assigned said credit to Vázquez, and it matters not to Martínez whether the consideration of the assignment was the one set forth in the contract or a different one. What does matter to him is the existence of the assigned credit, and said credit was established by final judgments.

It is true that in clause 12 of the deed of assignment it is stipulated that the assignor shall be in no manner liable to the assignee by reason of the assignment, but this does not mean categorically that the assignee exempts the assignor from the obligation of answering for the eviction; and although this might be so, as it is not shown that bad faith on the part of the assignor existed for the existence of the credit is proved by records, said stipulation cannot be deemed null. And even though it should be, the principal part of the deed of assignment would be valid.

### SIXTH GROUND.

We have shown already that section 1242 and paragraphs 2 and 5 of section 1362 of the Civil Code have not been in-infringed. Neither are sections 11 of the act of March 11, 1909, and 1083 of the Civil Code applicable to the case, for which reason it is needless to discuss those supposed errors.

In the course of the argument in this court the appellant alleged that although the fourth allegation of the complaint set forth that the fees of the attorneys were reduced by order of March 21, 1904, and that a new taxation was ordered,

which amounted to $386.60 and which was final, this last statement is not true because Martínez was not notified of the second taxation of costs, and, therefore, in accordance with sections 260 and 368 of the former Law of Civil Procedure it could not become final.

This perhaps may be the most important allegation of the appeal, but it also has no effect as to the ends sought, as we shall now proceed to show.

Article 427 of the old Code of Civil Procedure which was in force at the time the taxation of costs whose collection is sought was made provides that when fees of attorneys, experts, or any other officials not fixed by tariff are objected to the chamber or the judge in a proper case, in view of the statements of the parties or persons interested and the reports received with regard to the fees, shall approve the taxations or shall order the changes made therein which they may consider just and at the cost of the proper party without further remedy.

As may be seen, a judicial decision approving the taxation of costs or ordering changes therein was final *per se*, and it was unnecessary to approve the altered taxation. If any error was committed by the official intrusted therewith in making the modifications or alterations ordered, such error could be corrected with or without the objection of the party interested and even without the intervention of judicial authorities. It is not alleged in the case at bar that error was committed in complying with the order of March 21, 1904, and the evidence shows that none was committed.

Moreover, it is evident from the record itself that in compliance with the aforesaid order the defendant and appellant, Víctor Martínez, was advised of the corrected taxation of costs, for it is shown that María Moreno instituted attachment proceedings, which Fernando Vázquez endeavored to continue, for the recovery of said costs, and attachment proceedings are not instituted without a previous demand for the payment of the debt.

: In accordance with article 279 of the above-mentioned Code of Civil Procedure, Martínez's knowledge of the corrected taxation was equivalent to a notification thereof.

For the foregoing reasons we are of the opinion that the judgment appealed from rendered by the District Court for the Judicial District of Aguadilla on January 4 of the present year should be affirmed.

*Affirmed.*

Justices MacLeary, Wolf, del Toro and Aldrey concurred.